IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EVERETT LAKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-3103-CV-S-ODS |
| ) | |
| W.C. WOOD CORPORATION, INC., ) | |
| and CROSLEY CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff seeks summary judgment on Defendants' affirmative defenses. The Record does not demonstrate undisputed material facts justifying judgment as a matter of law, so the motion (Doc. # 55) is denied.

Defendants' Answers contained a series of defenses; they are stated in a variety of ways but most of them essentially assert comparative fault. Plaintiff propounded interrogatories asking, *inter alia*, that Defendants identify the specific instances of Plaintiff's fault alleged. Defendants provided no specific response but indicated they would "supplement" the response. No further answer was provided. From this, Plaintiff concludes there is no such evidence and on that basis asks for summary judgment.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). As the moving party Plaintiff bears the burden of demonstrating the absence of material factual disputes, and he cannot shift this burden simply by claiming "the defendant has no evidence."

Plaintiff contends he has done more by propounding an interrogatory. The problem is that the undersigned is generally not favorably disposed to "contention" interrogatories. Asking a party to explain the theory of their case or how they plan to prove a claim or defense asks the party to provide counsel's thought processes. At trial,

Defendants bear the burden of proving their defenses: they need not respond to interrogatories asking them how they plan to accomplish this goal.

    The Court does not mean to imply Defendants can rely on evidence that should have been (but was not) produced during discovery.  However, they can rely on the documentary evidence produced and the testimony of witnesses previously disclosed to support their defenses.  If they are unable to make a submissible case for a defense, than that defense will not be submitted to the jury.

IT IS SO ORDERED.

                                    /s/ <u>Ortrie D. Smith</u>
                                    ORTRIE D. SMITH, JUDGE
DATE: December 10, 2010              UNITED STATES DISTRICT COURT